Filed 12/18/24  P. v. Little CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C098774 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCCR-CRF-2022-131, SCCR-CRF-2022-548) |
| v. | |
| DAVID WAYNE LITTLE, | |
| Defendant and Appellant. | |

After several incidents, the People charged defendant David Wayne Little with eight offenses, including robbery, assault with a deadly weapon, battery, and vandalism. Defendant requested pretrial mental health diversion pursuant to Penal Code section 1001.36.[1]  The trial court held a hearing and found that defendant was not suitable for pretrial diversion because he posed an unreasonable risk of danger to public safety.

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant argues the trial court abused its discretion by applying the wrong legal standard, failing to presume that defendant's schizophrenia was a significant factor in the offenses, and finding defendant ineligible for pretrial mental health diversion.  Our review of the record reveals that the trial court found defendant *not suitable* for diversion, as opposed to *ineligible*.  Because defendant fails to offer any argument that the trial court erred by finding him not suitable, we will affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

In January 2022, defendant stood in the middle of the street and slashed the front passenger door of a passing truck with a knife.  In February 2022, police found defendant damaging property, and defendant kicked a police officer and resisted being detained.  A few days later, defendant hit a gas station employee in the face and refused to leave the gas station.  A few days after that, a man living out of his car allowed defendant to sleep in the car and share his food.  The next day, defendant tried to take the man's phone, eventually punching the man, throwing him down, and threatening him with a machete.

Based on these incidents, the People charged defendant with vandalism and exhibiting a deadly weapon in case No. SCCR-CRF-2022-548, and with robbery, resisting an executive officer, battery upon a peace officer, vandalism, battery, and assault likely to produce great bodily injury in case No. SCCR-CRF-2022-131.

Defendant requested pretrial mental health diversion pursuant to section 1001.36.  Defendant argued his schizoaffective disorder was a significant factor in the commission of the charged offenses, his symptoms would respond to treatment in the community, and he would not pose an unreasonable risk of danger to public safety.  The People responded that the court should find defendant both ineligible and not suitable for diversion.  Specifically, the People argued that:  (1) defendant's mental health disorder had not been a substantial contributing factor in his commission of the charged offenses and

2

(2) defendant's records indicated he would pose an unreasonable risk to public safety due to his violent history and prior noncompliance with mental health treatment.

With regard to defendant's eligibility for pretrial diversion, the trial court considered defendant's statement to a psychologist that he had fought the robbery victim because they were both drunk to be clear and convincing evidence that only alcohol contributed to the commission of the offenses. The court then went on to "take the position that [it was] wrong"; in other words, assume for the sake of argument that defendant was eligible for diversion, and that defendant would "qualify for mental health diversion meeting the bare minimum requirements." After a lengthy analysis, although the court considered the issue "disputable," the court opined that, based on the totality of the circumstances, defendant "very likely [met] the minimum qualifications" for eligibility.

But the court then went on to find defendant was not *suitable* for pretrial diversion. The court based this finding on: (1) defendant's lengthy criminal record, including batteries, assaults, and arson; (2) his admission that he acts out violently when he has a mental health episode, including once hitting someone in the head with a hammer; (3) his lengthy history of noncompliance with mental health treatment, including failure to take medication; (4) the lack of supportive housing for him, which would require him to live in a motel; and (5) his lack of ties to the community. Finding that defendant was not suitable, the court denied defendant's request for pretrial diversion.

After the trial court issued its ruling, defendant's trial counsel asked the court for another opportunity to submit additional information, which the court allowed. After reviewing the documents submitted, the court issued a written order confirming it would not change its prior ruling denying defendant's request for pretrial diversion.

Defendant then pleaded no contest, pursuant to a negotiated plea agreement, to assault with force likely to cause great bodily injury, felony vandalism, and six

3

misdemeanor charges, including one misdemeanor from a case that is not part of this appeal. Defendant also admitted he had previously been convicted of a serious felony. The People dismissed the robbery charge as part of the plea agreement. The trial court imposed the agreed-upon sentence: three years in prison for assault, doubled due to a prior serious felony conviction; a concurrent term of two years in prison for felony vandalism, doubled due to the prior serious felony conviction; and concurrent sentences for the misdemeanor offenses.

Defendant timely appealed from the judgment. After the People argued defendant could not challenge the denial of pretrial diversion without a certificate of probable cause, defendant's appellate counsel sought and obtained a certificate of probable cause from the trial court.

## DISCUSSION

Defendant contends the trial court abused its discretion by applying the wrong legal standard, specifically, failing to presume that defendant's schizophrenia was a significant factor in the offenses, which led the court to erroneously find defendant ineligible for pretrial mental health diversion. However, as we have set forth above, the record reveals eligibility was first assumed for the sake of argument and then actually found by the trial court. But the trial court then found defendant not suitable for diversion, ultimately stating: "So I'm going to make a finding that based on the totality of circumstances here that while he may very likely meet the minimum qualifications, I think some of that is disputable though, he's just simply not suitable for the program; and therefore, the petition for mental health diversion is denied."

To grant mental health diversion, the trial court must determine the defendant is both "eligible" and "suitable" for diversion. (§ 1001.36, subds. (b)-(c).) To establish eligibility, a defendant must show that his "mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(2).) "If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental

4

disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Ibid.*)

Defendant contends the trial court failed to apply this statutory presumption. The record does not support this contention. To the contrary, it appears the trial court felt its initial concern that the robbery incident was "alcohol related" was most likely not enough to overcome the statutory presumption because, after voicing its concern, the court ultimately found defendant eligible for pretrial diversion. Although the court described defendant's eligibility as tenuous at best, at a minimum the record is clear that the court assumed eligibility for the sake of argument and based its denial not on any eligibility criteria set forth in section 1001.36, subdivision (b), but instead on defendant's suitability, under subdivision (c).

To establish suitability for pretrial diversion, a defendant must show he "will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (c)(4).) "Thus, a defendant is not suitable for diversion if the defendant is 'too dangerous to be treated in the community because he [or she] would commit a new violent super strike' [offense listed in section 667, subdivision (e)(2)(C)(iv)]." (*People v. Graham* (2024) 102 Cal.App.5th 787, 799.) "When determining whether the defendant will pose an unreasonable risk of danger to public safety, '[t]he court may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate.' (§ 1001.36, subd. (c)(4).)" (*Graham*, at p. 799.)

The court's explanations made clear it found defendant unsuitable for pretrial diversion. For example, the court began its review of defendant's history by explaining: "The problem that we have when we're looking at suitability for the mental health

5

diversion program, the long history of medication [non]compliance coupled with violence, sometimes violence -- there is a reference to hitting someone in the head with a hammer, there's batteries, there's assaults, various things, presents as a public safety risk." As we have pointed out, the court later concluded "that based on the totality of circumstances here that while he may very likely meet the minimum qualifications, I think some of that is disputable though, he's just simply not suitable for the program; and therefore, the petition for mental health diversion is denied."

Defendant offers no argument that the trial court erred by finding him not *suitable* for pretrial diversion, after assuming and thereby finding eligibility despite the court's expressed reservations. Accordingly, we have no basis to reverse the judgment.

### DISPOSITION

The judgment is affirmed.


                                                     /s/
                                            Duarte, Acting P. J.


We concur:


    /s/
Boulware Eurie, J.


    /s/
Feinberg, J.

6